UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT EUGENE BROWN,

    Petitioner,

v.                                 Case No. 8:23-cv-2135-CEH-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Petition) (Doc. 1). Respondent filed a response in opposition (Doc. 9), to which Petitioner replied (Doc. 13). Upon consideration, the Petition will be denied.

## I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Petitioner and his accomplice entered a gas station wearing something covering their faces and carrying guns (Doc. 10-2, Ex. 1a at 199-201).[1] Three employees at the gas station, Si Kang, Tae Kang, and Myong Kang, confronted them (*Id.*, Ex. 1a at 198-204). During the struggle, Petitioner's hat and the shirt covering his face fell off (*Id.*,

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Ex. 1a at 203). Si Kang was "right next to" and "face to face" with Petitioner and saw his face (*Id.*). Petitioner shot Tae Kang (*Id.* at 202). Both Petitioner and his accomplice escaped out the front door (*Id.*, Ex. 1a at 202-04).

Approximately one year after the robbery, the police showed the three witnesses photographs (*Id.*, Ex. 1a at 443). When Si Kang saw the photograph of Petitioner, Si Kang told the detective, "I think it's possibly him." (*Id.*, Ex. 1a at 329). However, she "did not want to positively identify anyone." (*Id.*, Ex. 1a at 466). After the detective left, Si Kang was certain she had identified the robber (*Id.*, Ex. 1a at 329-30). Tae King could only say that two of the individuals in the photographs looked familiar (*Id.*, Ex. 1a at 421). Myong Kang selected one photograph as the robber, but it was not Petitioner (*Id.*, Ex. 1a at 443; 462-63; 476). Both Si Kang and the detectives denied that the detectives told the witnesses that they had selected the right person (*Id.*, Ex. 1a at 330; 479; 514).

The hat and shirt that fell off the face and head of one of the robbers were tested for DNA evidence (*Id.*, Ex. 1a at 351; 362). The DNA discovered on the shirt and hat matched the DNA sample Petitioner provided to law enforcement (*Id.*, Ex. 1a at 569; 579).

A jury found Petitioner guilty of robbery with a firearm and aggravated battery with a firearm (*Id.*, Ex. 1 at 49). He was sentenced as a prison releasee reoffender to 25 years in prison on the aggravated battery conviction and life in prison on the robbery with a firearm conviction (*Id.*, Ex. 1 at 75-78). His convictions and sentences were

2

affirmed on appeal (*Id.*, Ex. 5).

Petitioner filed his federal habeas petition in this Court (Doc. 1), alleging one claim for relief.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court misapplied federal law, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, a determination of a factual issue made by a state court shall be presumed correct, and the habeas Petitioner has the burden of rebutting the presumption of correctness by

4

clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Exhaustion and Procedural Default

The writ of habeas corpus cannot be granted unless the Petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a Petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). Moreover, to properly exhaust a claim, "the [Petitioner] must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

Under the procedural default doctrine, a claim raised in a federal habeas Petition is barred from review if the claim was not properly raised in state court and "the court to which the Petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a Petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

### III. ANALYSIS

In Ground One, Petitioner contends that his conviction violates due process because the procedures by which he was identified as the perpetrator were unduly suggestive. Specifically, Petitioner asserts that when Myong Kang was shown the photo pack, Detective Himmel told her that she correctly identified the perpetrator. Because of Detective Himmel's comment, Petitioner argues that Myong Kang's "out-of-court identification should [have been] suppressed." (Doc. 1 at 6).

Respondent contends that this claim is procedurally barred from review because Petitioner never exhausted the claim in state court (Doc. 9 at 14-19). The Court agrees.

In his Initial Brief on direct appeal, Petitioner never argued that Myong Kang's identification of Petitioner was the product of an unduly suggestive procedure (Doc. 10-2 at 715-20). Rather, Petitioner conceded that the police's procedure was not suggestive, then argued that under all the circumstances, the trial court erred under Florida law (Florida Statute 90.403) in denying Petitioner's motion to suppress because Myong Kang's *in-court identification* of Petitioner was more prejudicial than probative (*Id*. at 719). Thus, Petitioner never presented to the state appellate court the claim he raises in Ground One of his federal habeas petition—that he was denied due process because Myong Kang's identification of Petitioner as the perpetrator was the product of an unduly suggestive procedure. Because Petitioner did not fairly present this claim, and the federal nature of this claim, to the state court, the ground is

6

unexhausted. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

If Petitioner returned to state court to attempt to exhaust the claim, the state court would dismiss the claim as procedurally barred. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Petitioner does not argue that either cause and prejudice or manifest injustice excuses the procedural default. Consequently, the claim is procedurally barred from federal review. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). Thus, Ground One warrants no relief because it is procedurally barred from review.

Even if the Court construed Ground One as raising the same claim Petitioner asserted in his Initial Brief on direct appeal, the claim would warrant no relief. The claim raised in state court was based entirely on the violation of state law (the trial court erred in denying the motion to suppress and admitting both the out-of-court and in-court identification of Petitioner because admitting the identifications was more prejudicial than probative under section 90.403) (Doc. 10-2 at 715-20). The state law claim is not cognizable on federal habeas review. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *Branan v. Booth*, 861

7

F.2d 1507, 1508 (11th Cir. 1988) ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (citation omitted).

Finally, even if Ground One were not procedurally barred, it would fail on the merits. *See Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Assuming a violation of due process, Petitioner fails to demonstrate entitlement to relief. Any constitutional error by the trial court in admitting the identification evidence is subject to the harmless-error test set out in *Brecht v. Abrahamson*, 507 U.S. 619 (1993):

> In § 2254 proceedings, federal courts must evaluate constitutional errors under the harmless-error standard articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). As *Brecht* explained, "[federal] habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Id.* at 637, 113 S.Ct. at 1722. To find "actual prejudice," a federal habeas court must conclude that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).

*Hittson v. GDCP Warden*, 759 F.3d 1210, 1233–34 (11th Cir. 2014) (footnote omitted).

Considering the trial as a whole—including the evidence revealing that Petitioner's DNA was found on both the shirt and the hat that the perpetrator was wearing during the robbery—Petitioner fails to show that the trial court's decision to allow the identification evidence had a substantial and injurious effect or influence on the verdict so as to result in actual prejudice. Accordingly, Ground One warrants no relief.[2]

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court shall enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is

---

[2] In an abundance of caution, the Court notes that in Petitioner's Reply, he raises new claims for the first time concerning ineffective assistance of counsel (Doc. 13 at 1−6). These claims are in fact new claims and are not additional details concerning another claim already raised. *Clisby v. Jones*, 960 F.2d 925, 936 (1992). The Court will not address these extraneous claims because they were not raised in the Petition. *See Wilson v. United States*, 2017 WL 3225903, at *1 (11th Cir. Feb. 23, 2017) (citing *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[T]his claim was not properly raised until [the] reply brief and, therefore, was not properly before the district court.")); *see also Prada v. United States*, 692 F. App'x 572, 574 (11th Cir. 2017) (affirming the district court's refusal to consider new arguments raised in a reply brief because petitioner "was barred from raising new claims"); *Enriques v. United States*, 416 F. App'x 849, 850 (11th Cir. 2011) ("Although *pro se* pleadings are construed more liberally than those filed by counsel,...issues not argued by a *pro se* litigant in his initial brief are deemed waived[,]...[and] we do not address arguments raised for the first time in a *pro se* litigant's reply brief."); *Snyder v. United States*, 263 F. App'x 778, 780 (11th Cir. 2008) (affirming the district court's ruling that a *pro se* petitioner's reply brief could not be construed as an amendment to add an additional claim to the motion to vacate).

**DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on

appeal *in forma pauperis*.

ORDERED in Tampa, Florida on June 11, 2026.


Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
            Counsel of Record